UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

IRINA V.,

          Plaintiff,

    v.                                                              **DECISION AND ORDER**

                                         20-CV-6704S

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

_____

      1.     Plaintiff Irina V.[1] brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security that denied her applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Act.  (Docket No. 1.)  This Court has jurisdiction over this action under 42 U.S.C. § 405(g).

      2.     Plaintiff protectively filed her applications with the Social Security Administration on July 18, 2017.  Plaintiff alleged disability beginning February 1, 2016, due to obesity; major depressive disorder, attention deficit hyperactivity disorder ("ADHD"), obsessive-compulsive disorder ("OCD"), and generalized anxiety disorder.  Plaintiff's applications were denied, and she thereafter requested a hearing before an administrative law judge ("ALJ").

      3.     On May 31, 2019, ALJ David Begley held a video hearing at which Plaintiff—represented by counsel—and Vocational Expert Pamela Legett appeared and

---

[1]In accordance with this Court's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order will identify Plaintiff by first name and last initial.

testified.  (R.[2] at 37-65, 15.)  Plaintiff was 30 years old as of the claimed onset date with a high school education.  She had past relevant work as a cashier/checker.  (R. at 30, 29.)

4.      The ALJ considered the case *de novo* and, on October 16, 2019, issued a written decision denying Plaintiff's applications for benefits.  After the Appeals Council denied Plaintiff's request to review the ALJ's decision, she filed the current action, challenging the Commissioner's final decision.[3]  (Docket No. 1.)

5.      Both parties moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.  (Docket Nos. 15, 16.)  Plaintiff filed a response on February 25, 2022 (Docket No. 17), at which time this Court took the Motions under advisement without oral argument.  For the reasons that follow, Plaintiff's Motion is **denied**, and Defendant's Motion is **granted**.

6.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 26 L.Ed.2d 842 (1971).  Where evidence is

---

[2]Citations to the underlying administrative record are designated as "R."

[3]The ALJ's October 16, 2019, decision became the Commissioner's final decision on this matter when the Appeals Council denied Plaintiff's request for review.

deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

7.     "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  Williams ex rel. Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review."  Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

8.     The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act.  See 20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court of the United States recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled.  482 U.S. 137, 140-42, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).

9.     The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If [s]he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits [her] physical

or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider [her] disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, [s]he has the residual functional capacity to perform [her] past work.  Finally, if the claimant is unable to perform [her] past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

10.     Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step.  See Yuckert, supra, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The final step is divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); see also Heckler v. Campbell, 461 U.S. 458, 460, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983).

11.     The ALJ analyzed Plaintiff's claim for benefits under the process set forth above.  At Step One, the ALJ found that Plaintiff has not engaged in substantial gainful activity since February 1, 2016.  (R. at 18.)  At Step Two, the ALJ found that Plaintiff has the following severe impairments:  obesity; major depressive disorder, ADHD, OCD, and

generalized anxiety disorder.  Id. at 18.  At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment(s) listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Id. at 18-21.

12.     Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work, with exceptions.  Plaintiff would be prohibited from climbing ladders, ropes, or scaffolds.  She needs to avoid concentrated exposure to irritants, such as fumes, odors, dusts, gases, and poorly ventilated areas.  Plaintiff would be limited to work that involves simple, routine, and repetitive tasks.  She would need to work in a low stress job (that is, free from fast-paced production requirements with no hazardous conditions, with occasional decision-making); only occasional changes in the work setting.  Plaintiff would be limited to only occasional interaction with coworkers and supervisors but no direct interactions with the public.  (R. at 21.)

13.     At Step Four, the ALJ found Plaintiff is unable to perform any past relevant work.  (R. at 29.)  At Step Five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  Additional limitations impede Plaintiff's ability to perform light work.  The ALJ then posed hypotheticals to the vocational expert of a claimant with Plaintiff's RFC, age, education, and work experience.  The expert then opined that this claimant could perform such jobs as agricultural produce sorter, folder, and racker (each a light exertion job).  (R. at 30-31.)  Accordingly, the ALJ found that Plaintiff is not disabled.  (R. at 31.)

14.     Plaintiff argues that the RFC determination is not supported by substantial evidence because the ALJ failed to provide good reasons to find favorable medical

opinions not persuasive and impermissibly relied on his own lay interpretation of complex psychiatric issues.  For the reasons that follow, this argument is unavailing.

15.     The ALJ found not persuasive the opinions of primary care physician, Dr. William Rolls, and counselor Laurie Agnello (R. at 23-24, 25, 27, 25-26, 29).  Plaintiff argues that, by these findings, the ALJ impermissibly relied upon the ALJ's lay interpretation to find the RFC (Docket No. 16, Pl. Memo. at 14-20).

16.     Defendant responds that, under the post-March 2017 review standards, the ALJ properly evaluated the medical opinion evidence (Docket No. 16, Def. Memo. at 11-19).  Defendant argues that Plaintiff relies upon the prior Social Security standards rather than the post-March 2017 standards applicable to her July 2017 application (id. at 12-13).

17.     Defendant also notes that Plaintiff did not raise objections to the physical findings in the RFC (id. at 11 n.11).  Thus, this Court will address Plaintiff's psychological assessment.

18.     Under the Social Security standards effective for evaluating medical evidence after March 2017, the agency considers the persuasiveness of a medical opinion, 20 C.F.R.  §§  404.1520c(a),  416.920c(a).    The agency considers the supportability and consistency of the opinions as the most important factors, id. §§ 404.1520c(c)(1), (2), (b)(2), 416.920c(c)(1), (2), (b)(2).  The ALJ must explain his approach with respect to supportability and consistency when considering a medical opinion, Melissa F. v. Comm'r, No. 20CV1363, 2021 WL 3887256, at *3 (W.D.N.Y. Aug. 31, 2021)(Carter, Mag. J.) (citing 20 C.F.R. §§ 404.1520c(b), 416.920c(b)).  The more consistent a medical opinion is with the rest of the evidence from other medical and nonmedical  sources,  the  more  persuasive  the  opinion  will  be,  20  C.F.R.

§§ 404.1520c(c)(2), 416.920c(c)(2). The ALJ is not required to articulate how each medical opinion is considered, 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

19.     On March 31, 2016, Dr. Rolls submitted a county psychological assessment (R. at 432). There, Dr. Rolls found Plaintiff was very limited (that is, unable to function 25% or more of the time) to following, understanding, and remembering simple instructions and directions; regularly attend to a routine and maintain a schedule; and regularly maintain attention and concentration (R. at 434; Docket No. 15, Pl. Memo. at 16).

20.     The ALJ found this opinion was unpersuasive because Dr. Rolls was not a mental health provider and had no qualification to render mental health opinions (R. at 27). The ALJ also found that Dr. Rolls' opinion was not consistent with his own examination of Plaintiff where she showed normal cognition, memory, and judgment (R. at 27, 317, 573, 579, 582, 586).

21.     In December 2016, Dr. Rolls submitted a county physical assessment of employability (R. at 428, 27). There, the doctor observed that Plaintiff was unable to participate in activities except treatment or rehabilitation for six months due to anxiety disorder and OCD (R. at 429).

22.     On March 31, 2019, Dr. Rolls completed another evaluation form and concluded that Plaintiff had marked impairments for understanding, interaction with others, and ability to adapt or manage oneself, and extreme impairment for concentration, persistence, or maintaining pace (R. at 501, 27).

23.     The ALJ found Dr. Rolls' March 2019 opinion was unpersuasive because it was not supported with explanation into what causes Plaintiff's physical limitations.

Dr. Rolls listed mental health diagnoses with Plaintiff's physical diagnoses.   The ALJ concludes that this opinion was not consistent with record as a whole.   Plaintiff was able to squat, rise from a chair without difficulty, get on and off examination table unassisted, had normal musculoskeletal, neurological, and extremity findings.  (R. at 27.)

24.   From August 2017, Plaintiff also was treated by Laurie Agnello (R. at 506-09, 530-39, 24, 25).  On March 20, 2019, Ms. Agnello submitted a treating mental medical source statement and found Plaintiff had extreme impairments in understanding, remembering, or applying information; concentration, persistence, or maintaining pace; adaptation or managing oneself; marked for interaction with others (R at 442, 447, 29).

25.   The ALJ found this evaluation was not persuasive (R. at 29).   As for Ms. Agnello's finding of extreme limitation for understanding, the ALJ concluded it was not supported by her own examinations of Plaintiff, which observed that Plaintiff possessed consistent memory and cognition.   The ALJ then questioned the consistency Ms. Agnello's finding of marked limitation for interaction with examinations wherein Plaintiff was pleasant, maintained direct eye contact, and was cooperative (R. at 29).

26.   The ALJ found the state agency psychological consultant's reports from October 2017 persuasive (R. at 26-27).   The agency consultant opined that Plaintiff was able to understand and remember simple and some complex instructions and procedures (R. at 78, 93, 26).

27.   Plaintiff objects that the agency consultant did not have the opportunity to review her entire medical history (Docket No. 15, Pl. Memo. at 14).

28.     She argues that other providers in the record support finding that she has "a high level of impairment and inability to maintain work" (id. at 14).  She concludes, however, that the ALJ impermissibly relied upon raw medical data (id. at 15).

29.     The ALJ, however, found the persuasiveness of these opinions based upon their consistency with the rest of the records and supportability of the opinions.  For example, the ALJ found the state agency consultant's findings were supported by the doctors' observations in the record (R. at 26).

30.     Plaintiff argues that her treating sources identified she had a "high level of impairment and inability to maintain work, or engage in work without a great deal of accommodation" (Docket No. 15, Pl. Memo. at 14-15).  Instead, she charges that the ALJ "impermissibly reviewed the bare medical findings and translated them into functional assessments" (id. at 15).

31.     This did not occur here.  The ALJ assessed the medical opinions and tested it under the March 2017 standards for the consistency of the opinions to the treatment records.  For example, the ALJ assessed the consistency of Dr. Rolls' opinions with the doctor's examination notes.  There is no interpretation of psychiatric record; the ALJ merely reported what Dr. Rolls (and other medical sources) observed in examinations.

32.     Therefore, with substantial evidence supporting the mental RFC, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 15) is denied.


IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 15) is DENIED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 16) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.


Dated:      June 15, 2022
            Buffalo, New York


                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                      United States District Judge